UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-81187-RAR

**EDWARD DOVNER**,

    Plaintiff,

v.

**ARTHUR BERNSTEIN**, and
**ADAM FALKOFF**,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

**THIS CAUSE** comes before the Court on Plaintiff's Motion to Strike Defendants' Affirmative Defenses [ECF No. 54] ("Motion"). Having reviewed the record, Defendants' Response [ECF No. 57], and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion [ECF No. 54] is **DENIED**.

Federal Rule of Civil Procedure 12(f) provides that "[up]on motion made by a party . . . the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Bank of Am., N.A. v. GREC Homes IX, LLC*, No. 13-CV-21718, 2014 WL 351962, at *4 (S.D. Fla. Jan. 23, 2014) (quoting *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995)). Thus, "[m]otions to strike generally are disfavored and 'will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Merrill Lynch*

*Bus. Fin. Servs., Inc. v. Performance Machine Sys. U.S.A., Inc.*, No. 04-CV-60861, 2005 WL 975773, at *11 (S.D. Fla. Mar. 4, 2005).

Plaintiff's Motion argues that most of Defendants' 29 affirmative defenses are either simple denials lacking any factual support and/or they fail as a matter of law.  *See generally* Mot. However, the Court is not persuaded that Defendants' defenses are invalid, and even those defenses which arguably lack factual particularity are nonetheless sufficient.  Plaintiff is on fair notice of Defendants' defenses and entitled to seek factual clarity regarding the same through discovery.  *See, e.g., Jones v. Kohl's Dep't Stores, Inc.*, No. 15-CV-61626, 2015 WL 12781195, at *3 (S.D. Fla. Oct. 16, 2015) ("To the extent Plaintiff requires greater factual detail for these defenses, Plaintiff[s] may acquire those facts through discovery."); *Alhassid v. Bank of Am., N.A.*, No. 14-CV-20484, 2015 WL 11216747, at *3 (S.D. Fla. Jan. 27, 2015) (denying motion to strike "boilerplate but well-recognized" defenses that "lack factual particularity"); *Guarantee Ins. Co. v. Brand Mgmt. Serv., Inc*., No. 12-CV-61677, 2013 WL 4496510, at *4-5 (S.D. Fla. Aug. 22, 2013) (denying motion to strike as to defense of unclean hands, waiver, laches, and estoppel).

Because the defenses sufficiently satisfy applicable pleading standards and Plaintiff is able to engage in discovery and prepare for trial, the Court finds Plaintiff's Motion warrants denial.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 24th day of September, 2020.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**